1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUSTAVO COVIAN,

        Petitioner,

  v.

JEANNE WOODFORD, in her capacity
as head of the CALIFORNIA DEPARTMENT
OF CORRECTIONS,

        Respondent.

_____/

No. C 05-04851 JSW

**ORDER DENYING APPLICATION
TO HOLD PETITION FOR WRIT OF
HABEAS CORPUS IN ABEYANCE**

Petitioner Gustavo Covian ("Covian"), a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court is Covian's application to hold the petition in abeyance pending the exhaustion of claims in state court. After considering the record, the parties' papers and arguments, and relevant legal authority, the Court hereby DENIES the application to hold the petition for writ of habeas corpus in abeyance.

**BACKGROUND**

The following facts are drawn from Covian's application to stay, unless otherwise noted. On December 11, 2001, Covian, Maria Covian, Ignacio Covian, and Kyung Kim were indicted for the November 13, 1998 murder of Young Kim, in violation of California Penal Code section 187, with an added special circumstance of financial gain under section 190.2(a)(1).

Covian's trial was severed from that of his co-defendants. On February 11, 2003, a Santa

United States District Court

For the Northern District of California

1   Clara County jury convicted Covian of first degree murder with the added financial gain special

2   circumstance.  The court later sentenced him to life in prison without the possibility of parole.

3   Ignacio and Maria Covian pleaded guilty to manslaughter on March 9 and May 21, 2004,

4   respectively.  On June 21, 2004, a Santa Clara County jury acquitted Kyung Kim.

5       On appeal, the California Courts of Appeal affirmed Covian's conviction.  (Resp. Opp., Ex.

6   A at 31 (*People v. Covian*, No. H025891, 2004 Cal. App. Unpub. LEXIS 5261 (Cal. Ct. App. June 2,

7   2004)).  In addition to rejecting several claims made on appeal, the court denied a petition for writ of

8   habeas corpus.  (*Id.*)  In his state habeas petition, Covian raised two claims: (1) the trial court abused

9   its discretion by refusing to open the case when a witness became available during jury deliberations,

10  and (2) his trial counsel was ineffective for reasons relating to evidentiary issues at trial.  (*Id.*)  The

11  California Supreme Court denied review of Covian's direct appeal and of his habeas petition.  (Resp.

12  Opp., Ex. B (*People v. Covian,* No. S126005, 2004 Cal. LEXIS 8279 (Sept. 1, 2004)); *In re Gustavo*

13  *Covian on Habeas Corpus*, No. S126047, 2004 Cal. LEXIS 8278 (Sept. 1, 2004)).  The time period

14  within which to seek certiorari from the United States Supreme Court expired November 30, 2004.

15      On November 28, 2005, Covian initiated the present action in this Court.  He simultaneously

16  filed a petition for writ of habeas corpus and an application to hold the application in abeyance

17  pending exhaustion in state court.  The petition includes four claims, three of which have not been

18  exhausted.  In Covian's three unexhausted claims, he alleges violations of the Fifth, Sixth, Eighth,

19  and Fourteenth Amendments to the U.S. Constitution based upon: (1) "discovery of new evidence"

20  from co-defendant Kim's trial; (2) ineffective assistance of trial counsel for failing to introduce this

21  allegedly new evidence; and (3) cumulative error "contending that considered either singly or in

22  combination with errors which occurred on appeal, the new claims require a new trial."  (Application

23  at 3; Petition at 14-16.)

24  **ANALYSIS**

25  **A.    Legal Standard**.

26      The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of

27  limitations to petition for a federal writ of habeas corpus concerning a state court judgment.  28

28  U.S.C. § 2244(d)(1).  However, exhaustion of all state remedies is a prerequisite to the petition.  28

**United States District Court**

For the Northern District of California

1   U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  The interplay of these two

2   requirements created a problem for petitioners filing mixed petitions because the statute of

3   limitations often precluded petitioners from obtaining federal review of the unexhausted claims.  *See*

4   *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1533 (2005).

5           In *Rhines*, the Supreme Court resolved this problem by approving a procedure whereby a

6   district court, in its discretion, could "stay [a] petition and hold it in abeyance while [a] petitioner

7   returns to state court to exhaust his previously unexhausted claims."  *Id*. at 1534.  However, because

8   a stay and abeyance has the potential to frustrate AEDPA's dual purposes of encouraging finality of

9   state court judgements and creating incentives for petitioners to seek relief in state court first, the

10  Supreme Court also stated that the "stay and abeyance should be available only in limited

11  circumstances."  *Id*. at 1534-35.

12          Thus, under *Rhines*, the stay and abeyance of a mixed petition is appropriate when the district

13  court determines: (1) "there was good cause for petitioner's failure to exhaust his claims in state

14  court;" (2) the unexhausted claims are not "plainly meritless;" and (3) "reasonable time limits are

15  placed on a petitioner's trip to state court and back."  *Id*.

16  **B.      Covian Has Not Established That A Stay Is Warranted.**

17          The essence of Covian's assertion that good cause exists is that he was indigent and that,

18  because his state habeas counsel had no obligation to investigate potential bases for a collateral

19  attack on his conviction, he was left to his own devices in pursuing these claims.  (Application at 6.)

20          The Supreme Court did not provide a definition of "good cause" in *Rhines*.  It did state,

21  however, that "if a petitioner engages in abusive litigation tactics or intentional delay, the district

22  court should not grant him a stay at all."  *Id*. at 1535.  The Supreme Court has also explained that

23  "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily

24  constitute 'good cause.'"  *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct.1807, 1813 (2005).  Covian

25  does not make such a contention in support of his application.  More generally, the Ninth Circuit has

26  commented that "extraordinary circumstances" are not required to establish good cause.  *Jackson v.*

27  *Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).

28          The record demonstrates that on June 21, 2004, nineteen days after the California Court of

3

Appeals issued its opinion on Covian's combined direct appeal and state habeas petition, Ms. Kim was acquitted.  Covian's petition for review to the California Supreme Court was not submitted until July 2004, and that Court's decision denying review was issued in September 2004.  Although Covian asserts his trial counsel was ineffective for failing to raise issues arising from Ms. Kim's acquittal, he does not assert his appellate/state habeas counsel was ineffective for failing to do so in those proceedings.  Thus, apart from his indigency, he provides this Court with no reason as to why the unexhausted claims could not have been addressed at the state level sooner, when the factual basis underlying those claims was known to him as of at least June 21, 2004.

The Court concludes that, on this factual record, a finding that indigency alone satisfies *Rhine's* good cause requirement would frustrate AEDPA's purposes.  Thus, while the Court recognizes it has the discretion to stay these proceedings, it declines to do so.

## CONCLUSION

For the foregoing reasons, Covian's application to hold federal claims in abeyance pending the exhaustion of unexhausted claims is DENIED.

Covian may elect to abandon the unexhausted claims.  *See James v. Pliler*, 269 F.3d 1124, 1126-27 (9th Cir. 2001).  If he chooses to do so, the Court will proceed to the matter of his exhausted claims.  Alternatively, Covian may request a dismissal of the petition without prejudice.  The Court observes, however, that dismissal of the present proceeding (even dismissal "without prejudice") will almost certainly contribute toward a statute of limitations bar against a federal petition subsequently filed.  Although section 2244(d)(2) of Title 28 U.S.C. tolls limitations during the pendency of "a properly filed application for State post-conviction or other collateral review," limitations probably would not have been tolled during the pendency of the present federal petition. *See Duncan v. Walker*, 533 U.S. 167 (2001).

Within thirty (30) days of the date of this order, Covian shall file a signed document stating unequivocally which option he chooses.  In describing available options, this Court intends neither to

4

1    encourage nor discourage Covian from choosing any particular option.

2    **IT IS SO ORDERED.**

3

4                                                        *Jeffrey S White*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

Dated: April 14, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28